UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL W. MAYELL,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H–_____ |
| | § | |
| **ALTA MESA HOLDINGS LP, ALTA** | § | |
| **MESA ACQUISITION SUB, LLC,** | § | **JURY DEMANDED** |
| **THE MERIDIAN RESOURCE &** | § | |
| **EXPLORATION, LLC, AND THE** | § | |
| **MERIDIAN RESOURCE &** | § | |
| **EXPLORATION, LLC CHANGE IN** | § | |
| **CONTROL SEVERANCE PLAN** | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Plaintiff Michael W. Mayell files this Original Complaint against Alta Mesa Holdings LP, Alta Mesa Acquisition Sub, LLC, The Meridian Resource & Exploration, LLC, and The Meridian Resource & Exploration, LLC Change in Control Severance Plan, and in support thereof would show the following:

### Parties

2. Michael W. Mayell is a citizen of the State of Texas and a resident of Fort Bend County, Texas. He is a qualified participant in The Meridian Resource & Exploration LLC Change in Control Severance Plan ("Severance Plan") within the meaning of the term "participant" as defined at 29 U.S.C. § 1002(7).

3. Defendant Alta Mesa Holdings, LP ("Alta Mesa") is a Texas limited partnership authorized to do business in the State of Texas. Alta Mesa has participated as an administrator of

the The Meridian Resource & Exploration, LLC Change in Control Severance Plan. Alta Mesa may be served with process by serving: CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas TX 75201-4234.

4. Defendant Alta Mesa Acquisition Sub, LLC ("Alta Mesa Sub") is a Texas limited liability company authorized to do business in the State of Texas. Alta Mesa Sub has participated as an administrator of the The Meridian Resource & Exploration, LLC Change in Control Severance Plan. Alta Mesa Sub can be served with process by serving: Harlan H. Chappelle, 15415 Katy Freeway, Suite 800, Houston, TX 77094.

5. Defendant The Meridian Resource & Exploration, LLC ("Meridian Resource") is a Delaware limited company authorized to do business in the State of Texas. Meridian Resource may be served with process by serving: CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas TX 75201-4234.

6. Defendant The Meridian Resource & Exploration, LLC Change in Control Severance Plan is a "welfare benefit plan," as that term is defined at 29 U.S.C. §1002(1), and may be sued as an entity pursuant to 29 U.S.C. §1132(d). The Severance Plan may be served with process by serving Alta Mesa Acquisition Sub, LLC, 15415 Katy Freeway, Suite 800, Houston, TX 77094.

### Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132 (e) and (f), and other applicable law. This Court also has supplemental jurisdiction under 28 U.S.C. §1367(a). Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), 29 U.S.C. §1132(e)(2) and other applicable law.

**Factual Background**

The Employment Agreement

8. Prior to May 13, 2010, Plaintiff Michael W. Mayell was an employee of Meridian Resource. Meridian Resource provided Mayell with an employment agreement that, among other things, provided that Mr. Mayell's title was Drilling Manager ("Employment Agreement"). The Employment Agreement also provided that Mr. Mayell would obtain severance benefits if he terminated his employment for "Good Reason." Section 2.1(e) of the Employment Agreement defines Good Reason to include:

a) A failure to elect or reelect or to appoint or reappoint the Professional [Mayell] to the office of Drilling Manager of the Company or other material change by the Company of Professional's functions, duties or responsibilities which change would reduce the ranking or level, dignity, responsibility, importance or scope of the Professional's position with the Company from the position and attributes thereof described . . .

b) The failure for any reason of the Professional to continue to directly report to the Vice President, Operations of the Company as his supervisor, without any intermediate supervisor.

9. Section 4.8 of the Employment Agreement provides that the term "Company" "shall include any parent, subsidiary division of the Company, or any entity, which directly or indirectly, controls, is controlled by, or is under common control with the Company." Section 4.4 provides that the Employment Agreement shall be binding on all successors and any entity resulting from a merger or consolidation.

The Change in Control Severance Plan

10. Mr. Mayell was also a participant in the Severance Plan which provides benefits if certain specified circumstances occurred following a Change in Control (as defined the Severance Plan). In May 2010, there was a Change in Control as defined in the Severance Plan.

11. The Severance Plan provides that a participant is entitled to benefits if after a Change in Control the participant terminates his employment for "Good Reason." The Severance Plan defines Good Reason to include "the assignment to the Participant of any duties or responsibilities which are substantially diminished as compared to the Participant's duties and responsibilities immediately prior to a Change in Control or a material change in the Participant's reporting responsibilities, titles or offices as an employee or consultant and as in effect immediately prior to the Change in Control."

12. The original Severance Plan provides that the "Committee" is to determine claims under the Severance Plan. The original Severance Plan provides that the "Committee" is Joseph Reeves and Michael J. Mayell [not Plaintiff] prior to a Change in Control. After a Change in Control, the original Severance Plan provides that the "Committee" means such individuals as may be appointed by Joseph Reeves and Michael J. Mayell.

13. After the Change in Control, Joseph Reeves and Michael J. Mayell did not appoint anyone different to serve on the Committee.

14. The Severance Plan also provides that for "purposes of any determination regarding the existence of Good Reason, any claim by the Participant that Good Reason exists shall be presumed to be correct unless the Company establishes to the Committee by clear and convincing evidence that Good Reason does not exist."

4

15. Article IX of the original Severance Plan provides that the Severance Plan may not be "amended in any manner that would negatively affect a Participant's rights under the Plan. Further, no amendment or termination of the Plan after the Participant's Termination Date shall affect the benefits payable to such Participant. Subject to the foregoing restrictions, TMRX [Meridian Resource] may amend or terminate the Plan by a written instrument that is authorized by the Committee."

16. Section 11.5 of the original Severance Plan also provides that the payments under the Severance Plan are in addition to and not in lieu of any other amounts that are owed the Participant under any other contract, plan, program or policy of the company.

17. Mr. Mayell terminated his employment for Good Reason following the Change in Control, and applied for benefits under the Severance Plan and the Employment Agreement. Though Mr. Mayell furnished substantial evidence that he had Good Reason for the termination of his employment, Defendants nonetheless wrongfully denied his claims.

18. Plaintiff has exhausted all administrative review procedures available to him under the Severance Plan.

## Conditions Precedent

19. All conditions precedent to Plaintiff's recovery have been performed or have occurred.

## Why Mayell Had Good Reason to Resign

20. Mr. Mayell suffered a material change in his title. Prior to the merger, Mr. Mayell held the title of "Drilling Manager" as evidenced in his Employment Agreement and his personnel file. After the merger, Mr. Mayell was removed and demoted from the title of "Drilling

5

Manager." After the merger, Mr. Mayell was provided a new business card from Alta Mesa identifying him as the "Drilling Engineer." Instead of Mr. Mayell, Martin Key was the "Drilling Manager." After the merger, Alta Mesa Company documents also refer to Mr. Mayell's title as a drilling engineer or completion engineer, which is also a material change from his previous title of Drilling Manager. This constitutes a material change in Mr. Mayell's title.

21. Mr. Mayell was also assigned responsibilities that were substantially diminished from those he held prior to merger. Prior to the merger, as the Drilling Manager, Mr. Mayell was responsible for all aspects of drilling including direct communication with the rig and rig site consultants. Mr. Mayell would also deal directly with the rig, hire the consultants, have day-to-day conversations with the rig, and instruct the rig personnel as to what the operation plans were for the day. Mr. Mayell was also responsible for handling meetings regarding drilling prospects. Mr. Mayell was responsible for bidding out bits, cement, rotary tools and all rental items.

22. All of the above responsibilities were removed from Mr. Mayell after the merger and given to other individuals. After the merger, Mr. Mayell's duties and responsibilities were changed to production and completion work, which Mr. Mayell had never handled before.

23. Mr. Mayell also suffered a material change in his reporting relationship. Prior to the merger, as the Drilling Manager, Mr. Mayell reported to the vice president of operations. After the merger, Mr. Mayell ended up reporting to Martin Key, who held Mr. Mayell's former title of Drilling Manager.

### Events After Mayell's Resignation for Good Reason

24. After Mr. Mayell resigned for Good Reason and presented his claim for benefits under the Severance Plan and Employment Agreement, Alta Mesa Holdings LP, without submitting

Mr. Mayell's claim to the Committee under the Severance Plan, denied Mr. Mayell's claim under both the Severance Plan and Employment Agreement and refused to inform Mr. Mayell who was on the Committee under the Severance Plan.

25. After Mr. Mayell informed Defendants that the Committee is supposed to decide Mr. Mayell's Severance Plan claim, Defendants reversed their position and agreed to submit Mr. Mayell's Severance Plan claim to the Committee. However, Defendants informed Mr. Mayell for the first time that there had been a number of alleged amendments to the Severance Plan since the merger. Those alleged amendments included:

    a) changing the procedures under the Severance Plan for the appointment of Committee members, and appointing Harlan Chappelle, CEO and President of Alta Mesa Holdings LP, as the sole Committee member instead of Joseph Reeves and Michael J. Mayell;

    b) contrary to the original Severance Plan, any payments made under any other contract would reduce Mr. Mayell's benefits under the Severance Plan; and

    c) establishing for the first time a claim review process for claims under the Severance Plan.

26. None of the above amendments were approved or authorized by the original Committee consisting of Joseph Reeves and Michael J. Mayell as required by Article IX of the original Severance Plan.

27. After the new alleged Committee reviewed Mr. Mayell's claim for benefits under the Severance Plan, Mr. Mayell's claim was wrongfully denied.

**Breach of Employment Agreement**

28. Mr. Mayell incorporates by reference all paragraphs above. Mr. Mayell's Employment Agreement provides for certain benefits in the event he resigned for Good Reason. Mr. Mayell resigned for Good Reason yet Defendants Alta Mesa, Alta Mesa Sub and Meridian Resource refuse to pay such benefits. Because of these breaches of the Employment Agreement, Mr. Mayell has suffered damages. Mr. Mayell has performed all conditions precedent under the Employment Agreement.

**Claims for Relief Under ERISA**

29. Mr. Mayell incorporates by reference all paragraphs above. Defendants Alta Mesa, Alta Mesa Sub, and the Severance Plan's denial of benefits under the Severance Plan is a breach of the Severance Plan and the terms of ERISA pursuant to 29 U.S.C. § 1001 *et seq*.

30. As a direct and proximate result of this breach of the Severance Plan and violation of ERISA, Mr. Mayell has suffered losses, including the loss of severance benefits which he was entitled to under the Severance Plan.

**Attorney's Fees**

31. Mr. Mayell is entitled to recover his attorneys' fees and expenses pursuant to the terms of the Severance Plan, 29 U.S.C. § 1132(g), and other applicable law. Section 4.3 of the Severance Plan provides that the "Company shall pay all legal fees and expenses incurred by the Participant (i) in disputing in good faith any issue relating to the Participant's termination of employment or affiliation, or (ii) in seeking in good faith to obtain or enforce any benefit or right provided under the Plan. Such payments shall be made within ten (10) business days after the delivery of the Participant's written request for the payment accompanied by such evidence of fees and expenses incurred as the Company may reasonably require." Mr. Mayell requested that

Defendants reimburse Mr. Mayell for attorney's fees and expenses and Defendants denied such request. Such denial is a breach of the Severance Plan.

32. Mr. Mayell seeks to recover from Defendants reasonable and necessary attorneys' fees to prosecute these claims pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 *et. seq.* and other applicable law, for the preparation and trial of this case and various stages of appeal, if any, including additional attorneys' fees in the event it is necessary to collect this amount of money once a judgment becomes final.

### **Declaratory Judgment**

33. Mr. Mayell incorporates by reference all paragraphs above. Plaintiff Mayell seeks the following declarations:

a) that the Committee under the Severance Plan is comprised of Joseph Reeves and Michael J. Mayell because they did not appoint anyone else to serve as the Committee as required by the original Severance Plan;

b) that the purported amendments to the Severance Plan are invalid because they were not approved by the Committee of Reeves and Mayell as required by the Severance Plan and/or they adversely affect Mr. Mayell's rights under the Severance Plan;

c) that Mr. Mayell is entitled to benefits under the Severance Plan because his claim was not decided by the Committee of Reeves and Mayell;

d) Alternatively, Mr. Mayell's claim should be presented to the Committee of Reeves and Mayell for consideration;

e) that Mr. Mayell resigned for Good Reason as defined in the Severance Plan; and

f) that Mr. Mayell is entitled to the payment of his attorney's fees and expenses within ten business days of presentment as provided under the Severance Plan.

**Jury Demand**

34. Plaintiff demands a jury trial on his Employment Agreement claim.

WHEREFORE, Plaintiff prays that upon final trial he have and recover of and from Defendants benefits under the Severance Plan and Employment Agreement, including pre-judgment interest thereon at the highest applicable legal rate. Further, Plaintiff prays for recovery of reasonable and necessary attorneys' fees, expenses, and costs. Plaintiff prays for post-judgment interest at the highest applicable legal rate. Plaintiff further prays for such other relief to which he may be justly entitled.

          **CARTER & BACHYNSKY, L.L.P.**

          By:   /s/ Ashton Bachynsky
                Ashton Bachynsky
                State Bar No. 24001673
                Attorney-In-Charge for Plaintiff
                440 Louisiana Street, Suite 900
                Houston, Texas 77002
                Telephone: (713) 225-9600
                Telecopier: (713) 236-7774

          ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

Darryl Carter
State Bar No. 03913080
CARTER & BACHYNSKY, L.L.P.
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 225-9600
Telecopier: (713) 236-7774
ATTORNEYS FOR PLAINTIFF